UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEATHER F.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C25-2415-MLP

ORDER

## I.  INTRODUCTION

The parties agree that the administrative law judge ("ALJ") erred in denying Plaintiff's applications for Supplemental Security Income and Disability Insurance Benefits. In her opening brief, Plaintiff requested remand for a finding of disability or, in the alternative, for further proceedings. (Dkt. # 10.) The Commissioner, in response, requested remand for further administrative proceedings. (Dkt. # 13.) Plaintiff did not file a reply brief. Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

## II.    DISCUSSION

The Court has discretion to remand for further proceedings or for a finding of disability. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Before remanding for an award of benefits, three requirements must be met. First, the ALJ must have "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude that "the record has been fully developed and further administrative proceedings would serve no useful purpose," taking into account whether there are "outstanding issues that must be resolved before a determination of disability can be made." *Id.* (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must determine that, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (quoting *Garrison*, 759 F.3d at 1021). Even when these requirements are satisfied, the Court retains discretion to determine the appropriate remedy and may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (quoting *Garrison*, 759 F.3d at 1021).

Here, the parties agree that the ALJ's decision contains legal error, namely in failing to discuss the more restrictive limitations assessed by Vincent Gollogly, Ph.D. (AR at 1006-07), and Andrew F., Ph.D. (*id.* at 1023-24), whose opinions the ALJ nonetheless found "generally persuasive" (*id.* at 31). (*See* dkt. # 13 at 2-4.) The Commissioner asks the Court to remand this

ORDER - 2

case and order the ALJ to: (1) reevaluate all medical opinion evidence and Plaintiff's symptom testimony; (3) reassess Plaintiff's residual functional capacity ("RFC"); (4) obtain supplemental vocational expert evidence, if necessary; (5) provide Plaintiff an opportunity for a new hearing; (6) further develop the record; and (7) issue a new decision. (Dkt. # 13 at 6.) Plaintiff acknowledges that remand for further proceedings is required, but nevertheless requests a remand for a finding of disability on the ground that "it is clear that the ALJ's RFC assessment compels a finding of disability[.]" (Dkt. # 10 at 14.)

The Commissioner's response identifies several of the ALJ's findings regarding Plaintiff's allegations that it contends are supported by substantial evidence and that cast serious doubt on Plaintiff's eligibility for benefits. (Dkt. # 13 at 3-5.) The Commissioner also points to conflicts in the medical evidence that should be resolved on remand. (*Id.*) Contrary to Plaintiff's assertions of debilitating and worsening mental health symptoms, the ALJ cited multiple records reflecting unremarkable mental status findings. AR at 22-23, 25-26 (citing *id.* at 2294-96, 2357, 2362-63, 2365, 2516-20, 2523-24, 2532). Similarly, although Plaintiff argues that her hand impairments warranted more restrictive limitations on the use of her upper extremities (dkt. # 10 at 8-9), the record includes evidence of unremarkable nerve conduction studies and significant improvement after treatment. AR at 2230, 2815-16. Plaintiff also reported engaging in a range of daily activities, including cleaning, personal care, driving, traveling alone, preparing simple meals, shopping in stores, managing her finances, and teaching her children to manage their finances. *Id.* at 950-51, 1171-72, 2537.

Given these circumstances, and in light of Plaintiff's failure to file a reply contesting the Commissioner's arguments, the Court concludes that Plaintiff has not demonstrated that the extraordinary remedy of remand for a direct award of benefits is warranted. *See Leon v.*

ORDER - 3

*Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall: (1) reevaluate all the opinion evidence and Plaintiff's subjective testimony; (2) reevaluate Plaintiff's impairments at steps two and three; (3) reassess Plaintiff's RFC; (4) provide Plaintiff with the opportunity for a new hearing; (5) further develop the record as necessary; and (6) issue a new decision.

Dated this 20th day of April, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4